## Case No. 14,917.

### UNITED STATES v. DANTZLER.

[3 Woods, 719.] [1]

Circuit Court, S. D. Mississippi. Nov. Term, 1877.

REPLEVIN—SEIZURE—FORTHCOMING BOND — SUBSEQUENT SEIZURE.

When property has been seized by a sheriff, by virtue of a writ of replevin issued out of a state court, and released to the defendant upon a forthcoming bond, it is still in the custody of the state court, to abide the result of the replevin suit, and not subject to seizure by the marshal, under a writ of replevin subsequently issued out of a United States court, at the suit of the United States.

In this case a rule was taken upon the United States marshal, requiring him to show cause why he should not discharge from seizure certain logs and lumber taken by him under a writ of replevin sued out of the United States court, in a suit brought by the United States against the defendant [L. N. Dantzler].

J. Z. George and T. W. Price, for the rule.
Luke Lea, U. S. Atty., contra.

HILL, District Judge. The grounds upon which the rule is based are, that before the seizure was made by the marshal, the state of Mississippi had sued out of the circuit court of the county of Jackson, in this state, a writ of replevin against the said defendant, by virtue of which the same logs and lumber were seized by the sheriff, and that under the provisions of the replevin law of the state, the defendant had executed a forthcoming bond, with sureties conditioned for the forthcoming of said property, to abide the judgment of the court in said suit, and that the property was so in his possession, under said bond, at the time of the seizure by the marshal, under the process from this court. There is no controversy as to the facts stated, the only question being whether or not the property so held by the

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

defendant was subject to seizure by the marshal, under the writ of replevin in his hands, the validity of both replevin writs being admitted. It has been a well settled rule, since the foundation of the federal government, that when property is legally in possession of the officers of the state courts it will not be disturbed by the officers of the federal courts, and that when legally in possession of the officers of the federal courts, it will not be interfered with by officers of the state courts. Any other rule would lead to conflicts, and mar the much desired harmonious action of our complex system of government.

The important question to be considered is, whether or not the property, after it was released to the defendant upon his forthcoming bond, was still in the custody of the circuit court of Jackson county. The bond is conditioned that the property shall be forthcoming to abide the judgment of the court, if adjudged to belong to the plaintiff, and if default is made therein, to pay its value and the damages sustained by the plaintiff, and costs of suit. Section 1535 of the Code of Mississippi provides that if the property is in possession of the losing party, the execution shall command the sheriff to take the property in controversy, if the same may be had, and deliver the same to the successful party; and, if not to be had, that he make the value thereof, together with the damages and costs, of the goods, chattels, lands and tenements of the party, and his sureties against whom the judgment is rendered, or the successful party may have his distringas to compel the delivery of the property, together with a fieri facias for the damages and costs.

There are several adjudicated cases by the supreme court of this state recognizing the right of a claimant to personal property to institute his action of replevin, and have the property seized and taken out of the possession of a levying officer under writs of attachment or fieri facias, though issuing out of different state courts. But no case is found where it has been taken out of the possession of an officer holding under a writ of replevin. The reason given for permitting the seizure of the property in the possession of an officer holding under a writ of attachment or fieri facias, is that the officer levying the process is directed to levy only on the defendant's property, and the writ constitutes the officer the judge of what property belongs to the defendant; and if he seizes property belonging to any one else, his process is no protection to him, and he becomes liable, as a wrong-doer, like anyone else. The same doctrine is held by the supreme court of the United States, in the case of Buck v. Colbath, 3 Wall. [70 U. S.] 334. In that case, Mr. Justice Miller, in delivering the opinion of the court, draws very clearly the distinction between the two classes of process, and holds that the officer levy-

ing the writ of attachment or fieri facias, being constituted the judge of what property belongs to the defendant, must act at his own peril, and, if he makes a mistake, must answer for it without the protection of the court from which the process issues; but when he seizes the property specified in his process he is not so liable, and will be protected by the court; he, however, must know that it is specified in the process, for if he makes a mistake and seizes that not specified, he is liable as other persons. In this opinion the case of Hagan v. Lucas, 10 Pet. [35 U. S.] 400, is referred to and approved. In the latter case the facts were substantially these: Hagan obtained judgment against Bynum & McDade, in the federal court for Alabama, upon which execution was issued and levied upon certain slaves in the possession of Lucas, as the property of the defendants. Lucas claimed the property, and gave bond for the trial of his right to the property, as provided by the laws of Alabama. Upon the trial of this issue, it was proved that the same slaves had been levied upon by execution issued upon judgments in the circuit court of Montgomery county, Alabama, in favor of different persons, and Lucas claiming them, gave bond as provided by statute, for their delivery to the sheriff to answer the judgment of the court, should the right be decided adversely as to him, upon the trial of the right of property in that court. This case being removed by writ of error to the supreme court, the judgment of the court below was affirmed, the court holding that the slaves, when in the possession of Lucas, under his forthcoming bonds, were not liable to seizure by the marshal, and that his levy was void; holding, further, that when seized by the marshal they were still in the custody of the state court; that the possession of Lucas was the possession of the sheriff, and that property in possession of one court cannot be disturbed by an officer, under process, from another court, and especially by one holding his authority from a different source. The same rule is held in Taylor v. Carryl, 20 How. [61 U. S.] 583, and in Freeman v. Howe, 24 How. [65 U. S.] 450; the rule laid down in Hagan v. Lucas [supra], being referred to and approved in both cases as the settled doctrine of the supreme court on this question. The rule thus laid down by the supreme court is binding upon this court, and under it the levy made by the marshal in this case must be held as without authority and void, unless the position taken by the district attorney, and ably and ingeniously pressed, be correct, which is, that admitting the rule as stated, it does not apply to a case where the United States are plaintiffs, in a suit in one of their own courts; that in such case the federal court is not one of concurrent jurisdiction with the state court, but of paramount jurisdiction, and that the United States have a right to resort to their own

courts to enforce their rights. That they do possess this right is uncontroverted, but I am of opinion that when the United States bring suit against a citizen for the enforcement of any real or supposed right they can claim nothing which is not equally the right of the citizen against whom the suit is prosecuted, and that where a state is a party the same rule will be applied.

There is scarcely a conceivable case in which the United States have not ample redress in their own courts for the enforcement of any right, legal or equitable, without interfering with the jurisdiction of the state courts. The writ of replevin, provided by the law of this state, was not in force in this court until recently adopted by rule of this court. Before then, the United States were only entitled to an action of trover or trespass, and could not have seized this property until after judgment. These actions are still afforded to the United States, and may be prosecuted without any interference with the state court, or its possession of the property in controversy. If the person holding the property under such bond, or a purchaser under him, is about to remove the same from the jurisdiction of this court, upon bill filed alleging the right of the United States to the property, the pendency of the suit and the insolvency of the defendant, an injunction will be granted to prevent the removal of the property beyond the jurisdiction of the court. So soon as the litigation is ended in the state court, the property may be seized if the defendant is successful, or if the plaintiff succeed, it may still be pursued by the writ of replevin, or other remedy. Any risk which the United States may run by reason of not getting immediate possession, would not equal the injury that would result from the conflict of jurisdiction to which the doctrine contended for by the district attorney would lead. For it must be remembered that it would authorize the seizure of the property in the possession of the sheriff, as well as any one else.

It must be admitted that there are cases in which the ends of justice would be promoted by allowing property seized under one writ of replevin to be taken out of the possession of the seizing officer by virtue of another writ of replevin, as in case of attachment and fieri facias, especially as our act of replevin does not allow third parties, claiming the property, to interfere. To enable this to be done, in one or more states it is allowed by statute; but that it requires an enabling statute to permit it to be done, is a strong argument that without it it cannot be done, and none such exists in this state.

A very careful consideration of all the arguments and authorities adduced satisfies me that this seizure was unauthorized and void; therefore, the marshal will release the property and deliver it to the defendant, and it is so ordered.